By the Court.—Curtis, Ch. J.
There is a difficulty in sustaining the position taken by the defendant, that the transaction of depositing this bond for safe-keeping was between the plaintiff’s husband and Hoeland, the cashier of the savings bank, personally, and not as an officer of the bank in the line of his duty, and that therefore the bank was not charged with notice of the plaintiff’s title to the bond.
The evidence shows that the bond was bought with plaintiff’s money, and was intrusted to her husband to deposit in the bank for safe-keeping. That he thereupon took it to the bank with the plaintiff’s bank book, gave the bond to the cashier, who placed the bond in the bank safe and wrote the following memorandum on a card, and pasted it in the plaintiff’s bank book and returned it to her husband: “Mrs. Anna Zugner, Morrisania Steamboat Co. fío. 1. Bond $1,000. August 20, 1873, left with the German Savings Bank.”
This is the form of the memorandum as stated in the evidence in the case, though the last six words do not appear in the referee’s report or in the plaintiff’s *395 points, but their presence or absence would not affect the conclusion in my mind, that this transaction was with the bank as such, and that the bank had due notice and recognized the title of the plaintiff to the bond as her property solely, and that the referee found correctly in that respect, and in accordance with the evidence.
The defendant claims that the bank in December, 1875, became the owner of the bond, by the transfer of it by the husband to the bank. This view is not free from difficulties. Even if the husband did attempt to transfer the plaintiff’s property to the bank, it is apparent that the bank had notice that it was the wife’s property, and the proofs establish that she had no knowledge or notice of any such act on her husband’s part, that it was unauthorized by her, and that both previously and for some time after, she received the interest coupons through her husband from the bank and caused them to be collected, and that such transfer was without consideration. But irrespective of the above embarrassments affecting the transfer, the weight of evidence is to the effect that the husband, when he attempted temporarily, as he claims, to contribute it towards sustaining the sinking fortunes of the bank, told his associate trustees of the bank that it belonged to his wife. The case discloses how a savings bank can be made to inflict injury and loss on those it should protect. Wherever unsuitable persons are organized under the forms of law, as custodians of the savings of the weak, a court of justice is called on, to narrow, as far as is consistent with law, the area of losses.
The judgment appealed from should be affirmed with costs, to be paid out of the funds in the hands of the defendant as receiver.
Sedgwick, J., concurred.